IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBRA WALKER, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:09-CV-925-M |
| | § | |
| NEW BEGINNING CENTER, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Summary Judgment [Docket Entry #19], to which Plaintiff has not filed a Response. Although summary judgment cannot be granted by default, the facts are undisputed in the record before the Court, and are therefore taken as true. For the reasons explained below, the Motion is **GRANTED** in part and **DENIED** as moot in part.

I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Defendant New Beginning Center (the "Center") is a non-profit organization that operates a shelter for battered women and children who are victims of domestic abuse. In December 2008, the Center hired Plaintiff Debra Walker as a Relief Victim Advocate. At the time she was hired, Walker agreed to abide by the Center's Personnel Manual, which states that the Center "will have absolutely no tolerance for threatened or actual violence, verbal or physical intimidation, or any other inappropriate or abusive behavior in the workplace."[1]

Within six months of Walker's employment at the shelter, her supervisor began to receive complaints concerning Walker's harsh and inappropriate behavior from both other staff members and from clients of the shelter. On November 2, 2008, Walker's supervisor and the Center's

---

[1] Ex. A-1 (Appx. at 38). All references to Exhibits and the Appendix are to Defendant's materials.

Director of Operations met with Walker to discuss the complaints they had received. They gave her an oral disciplinary warning, but Walker refused to sign a written document memorializing this warning.

On November 13, 2008, Walker filed a charge under the Age Discrimination in Employment Act ("ADEA")[2] with the Equal Employment Opportunity Commission ("EEOC"), alleging that she received the disciplinary warning because of her age. Walker was fifty-five years of age when she filed her charge. On February 19, 2009, the EEOC dismissed Walker's charge of discrimination and issued a notice of right to sue. On May 19, 2009, Walker filed this action against the Center. While her complaint is hardly a model of clarity, Walker appears to allege claims of disparate treatment, failure to promote, hostile work environment, and retaliation, all on the basis of age.[3]

## II.   LEGAL STANDARD

Summary judgment is warranted if the pleadings, discovery, disclosure materials, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.[4] A genuine issue of material fact exists when a reasonable jury could find for the non-moving party.[5] The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.[6] Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate, by designating specific facts beyond the pleadings

---

[2] 29 U.S.C. § 621, *et seq.*
[3] Despite multiple references to "Title VII" in her complaint, it is clear that Walker does not allege any basis for discrimination other than age. As Title VII only prohibits discrimination by covered employers on the basis of race, color, religion, sex or national origin, 42 U.S.C. § 2000e-2(a), the Court ignores these references to Title VII .
[4] Fed. R. Civ. P. 56(c).
[5] *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 417 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).
[6] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 325).

that prove the existence of a genuine issue of material fact.[7]  In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant."[8]

### III.   ANALYSIS

A.   Disparate Treatment

Under the ADEA, it is unlawful for an employer to discharge a person because of that person's age.[9]  The *McDonnell Douglas* framework applies to an analysis of ADEA claims.[10]  To survive summary judgment, Walker must first raise a genuine issue of material fact as to each element of a *prima facie* case of discrimination: (1) she is a member of a protected group; (2) she was qualified for the position at issue; (3) she was discharged or suffered some adverse employment action; and (4) she was either replaced by someone outside the protected class, or was treated less favorably than other similarly situated employees outside the protected group.[11]  If she makes this prima facie showing, the burden shifts to the Center to articulate a legitimate, nondiscriminatory or nonretaliatory reason for its employment action.[12]  If the Center meets that burden, the burden shifts back to Walker to prove that the Center's proffered reasons are pretextual.[13]

Here, Walker cannot establish a prima facie case of discrimination because she did not suffer an adverse employment action.  The Fifth Circuit has explained that an adverse employment action is an action that "would tend to result in a change of [the plaintiff's]

---

[7] *See* Fed. R. Civ. P. 56(e)(2); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).
[8] *Lynch Props.*, 140 F.3d at 625 (citation omitted).
[9] 29 U.S.C. § 623(a)(1).
[10] *Jackson v. Cal-Western Packaging Corp.*, No. 09-20411, 2010 WL 1135735, at *2 (5th Cir. Mar. 26, 2010).
[11] *Mitchell v. Snow*, 326 F. App'x 852, 854 (citing *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (per curiam)).
[12] *See McCoy*, 492 F.3d at 557 (citation omitted).
[13] *Id.*

employment status, benefits or responsibilities."[14] Under a Title VII analysis, which the Fifth Circuit has applied to the ADEA context, "adverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting or compensating."[15] Walker was neither terminated nor demoted, and her pay, work hours, and employment benefits were not changed.[16] The disciplinary warning she received on November 2, 2008, was not an ultimate employment decision and does not constitute an adverse employment action.[17] The Center's Motion for Summary Judgment is therefore **GRANTED** as to Walker's disparate treatment claim.

B.   Failure to Promote, Hostile Work Environment and Retaliation

A plaintiff alleging employment discrimination under the ADEA must exhaust her administrative remedies before pursuing her claims in federal court.[18] A plaintiff exhausts her administrative remedies by filing a charge of discrimination with the EEOC within 300 days of the alleged discriminatory acts, and by waiting sixty days after timely filing the EEOC charge before filing a civil action.[19] A suit that flows from an EEOC complaint is limited in scope to allegations of discrimination that are "like or related to" allegations contained in the complaint.[20]

---

[14] *Martin v. Lennox Int'l Inc.*, 342 F. App'x 15, 18 (5th Cir. 2009) (quoting *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 407 (5th Cir. 1999)) (internal quotation marks omitted).

[15] *McCoy*, 492 F.3d at 559; *see Mitchell*, 326 F. App'x at 854-55 ("Essentially the same framework applies to both Title VII and ADEA claims.") (citations omitted)); *Martin*, 342 F. App'x at 18 (applying the definition of "adverse employment action" from a Title VII case to an ADEA case).

[16] *See* Ex. D at 37, 108 (Appx. at 192, 219).

[17] *Cf. Mitchell*, 326 F. App'x at 855 (finding that a lower-than-expected performance review does not constitute an adverse employment action); *Watkins v. Paulsen*, 332 F. Appx. 958, 960 (5th Cir. 2009) (same as to a negative performance review); *Bell v. Raytheon Co.*, 2009 U.S. Dist. LEXIS 67016, at *27 (N.D. Tex. July 31, 2009) (Fish, J.) (holding that the issuance of a final written warning, and temporary suspension without pay pending an internal investigation, do not amount to an adverse employment action, and that plaintiff therefore failed to state a prima facie claim of age discrimination under the ADEA).

[18] 29 U.S.C. §§ 626(d)(1)(B), (e); *see Bettcher v. Brown Schools, Inc.*, 262 F.3d 492, 494 (5th Cir. 2001).

[19] *See Julian v. City of Houston*, 314 F.3d 721, 725-26 (5th Cir. 2002).

[20] *See Stith v. Perot Systems Corp.*, 122 F. App'x 115, 117 (5th Cir. 2005) (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)); *Estate of Martineau v. ARCO Chem. Co.,* 203 F.3d 904, 913 (5th Cir. 2000) (after exhausting administrative remedies, a plaintiff's civil action may be based only on claims that "could reasonably be expected to grow out of the initial charges of discrimination."); *Nat'l Assn. of Gov't Employees v. City of San Antonio*, 40 F.3d 698, 711-12 (5th Cir. 1994) (failing to assert a claim of discrimination in the EEOC charge

Walker did not raise any claims for failure to promote, hostile work environment, or retaliation in the charge she filed with the EEOC. Her charge simply states: "I believe I was discriminated against because of my age (55) in violation of Title VII of the Age Discrimination in Employment Act of 1967, as amended."[21] The single alleged act of discrimination is the issuance of the disciplinary warning.

Walker's charge does not give the EEOC or the Center sufficient notice of any potential claims as to failure to promote, hostile work environment, or retaliation. The Court deems that Walker failed to exhaust her administrative remedies as to those claims, and the Court therefore lacks jurisdiction over them.[22]

Although the date of the latest incident of discrimination is unclear from Walker's complaint, Walker has been on medical leave from her employment at the Center since June 26, 2009.[23] A plaintiff must file a charge of discrimination with the EEOC within 300 days of the event giving rise to the cause of action.[24] Walker's claims are thus time-barred and are consequently **DISMISSED** with prejudice.[25] The Center's Motion for Summary Judgment as to those claims is **DENIED** as moot.

---

precludes a plaintiff from including that claim in a later civil suit); *McDade v. Smurfit-Stone, Inc.*, 2006 U.S. Dist. LEXIS 6846, at *6-7 (N.D. Tex. Feb. 23, 2006) (Boyle, J.) (holding that, to permit a disparate impact claim to be raised in a civil suit, when it was not raised in the EEOC charge, would circumvent the EEOC's investigatory and conciliatory role).

[21] Ex. B. Despite the confusing reference to "Title VII of the [ADEA]," the context of the statement makes it reasonably certain that the only basis for discrimination that Walker alleges is age, and that she therefore did not bring any claims under Title VII.

[22] The Center states that the Fifth Circuit has not recognized a "hostile work environment" claim as a cognizable claim under the ADEA. *See Mitchell*, 326 F. App'x at 854 n.2 (declining to reach that question). However, district courts in Texas have done so. *See, e.g., Bliss v. Nationwide Mut. Ins. Co.*, Civ. No. SA-08-CA-864, 2010 U.S. Dist. LEXIS 49028, *6-7 (W.D. Tex. Feb. 25, 2010) (discussing and dismissing age-based hostile work environment claim); *Suarez v. Nueces County*, Civ. No. C-08-217, 2009 U.S. Dist. LEXIS 78206, at *4-5 (S.D. Tex. Aug. 31, 2009) (stating that court had earlier granted defendant's motion for a directed verdict with respect to plaintiff's claim for a hostile work environment under the ADEA); *Vrzalik v. Potter*, Civ. No. 3:05-CV-1875, 2008 U.S. Dist. 40913, at *26-28 (N.D. Tex. May 21, 2008) (Kinkeade, J.) (granting summary judgment on a hostile work environment claim on the basis of age).

[23] *See* Appx at 192 (Walker's deposition testimony).

[24] *See* 29 U.S.C. § 626 (d)(1)(B); *Julian*, 314 F.3d 721, 725-26 (5th Cir. 2002).

[25] *See Jackson v. Westin Galleria Hotel*, No. 3:01-CV-2294, 2002 WL 1827641, at *4 (N.D. Tex. Aug. 8, 2002)

IV.   CONCLUSION

It is therefore ORDERED that Defendant's Motion for Summary Judgment is **GRANTED** as to Plaintiff's disparate treatment claim, and **DENIED** as moot as to Plaintiff's failure to promote, hostile work environment and retaliation claims.  Those claims are **DISMISSED** with prejudice due to the Plaintiff's failure to exhaust her administrative remedies.  The Court will enter a separate Final Judgment.

**SO ORDERED.**

June 14, 2010.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

(Lynn, J.) (dismissing a Title VII action with prejudice because plaintiff's claims were time-barred).